IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRI-STATE LODGING, INC.                                                                                          PLAINTIFF

vs.                                                    Civil No. 4:13-cv-04088

E-Z MART STORES, INC. and
STATE OF ARKANSAS                                                                                             DEFENDANTS

**ORDER**

Before the Court are competing Motions to Strike.  ECF Nos. 14, 19.  Defendant E-Z Mart Stores, Inc. ("E-Z Mart") filed its Motion to Strike Plaintiff's Expert Witness on July 8, 2014.  ECF No. 14.  Plaintiff filed its Motion to Strike Defendant's and Intervenor's Expert Witnesses on July 25, 2014.  ECF No. 19.  The respective Parties have filed responses to these Motions.  ECF Nos. 18, 20, 23.  These Motions are now ripe for consideration.

By way of background, Plaintiff and Defendants agreed in their Rule 26(f) Report that Plaintiff's expert disclosures and reports were due on June 2, 2014, and Defendants' expert disclosures and reports were due on July 1, 2014.  ECF No. 12 at 3.  The Parties do not dispute this was their agreement.  However, Judge Hickey *did not* adopt these agreed upon dates, and entered a Final Scheduling Order wherein expert disclosures were set for ninety (90) days before August 3, 2014 Discovery Deadline, or by May 5, 2014.  ECF No. 13.  Plaintiff did not disclose its expert's name or supply its expert's report until June 23, 2014.  *See* ECF No. 24-1.  Defendants did not disclose its expert's reports until July 1, 2014.   In short, neither Party complied with the Court's Scheduling Order in regards expert disclosure.

With Defendant E-Z Mart's Motion, it seeks to strike Plaintiff's expert disclosures because they were twenty-two days past the Parties agreed-upon date of June 1, 2014 for Plaintiff's disclosures.

1

ECF No. 14.  With Plaintiff's Motion, it seeks to strike Defendants' disclosures because they were nearly two months after the Court's deadline of May 5, 2014.[1]  ECF No. 19.

The Discovery Deadline in this case was set by the Scheduling Order for August 3, 2014.  Both parties failed to comply with the Scheduling Order in regards to disclosure of experts.  However, both Parties disclosed their experts well in advance of the Discovery Deadline.   There has been no prejudice to either party here by the late disclosures.   The Court finds both Motions (ECF Nos. 14, 19) should be and are **DENIED.**

**ENTERED this 13th day of August 2014.**

>   /s/   Barry A. Bryant
>   HON. BARRY A. BRYANT
>   U.S. MAGISTRATE JUDGE

---

[1] Presumably, because Plaintiff's expert disclosures were also after this May 5, 2014 date, Plaintiff is requesting *its expert disclosures* be struck as well.