IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRI-STATE LODGING, INC.                                                    PLAINTIFF

VS.                              CASE NO. 13-cv-4088

E-Z MART STORES, INC.                                                      DEFENDANT

STATE OF ARKANSAS                                                          INTERVENOR

## <u>ORDER</u>

Before the Court is Defendant E-Z Mart Stores, Inc.'s ("E-Z Mart") Motion for Summary
Judgment.  (ECF No. 26).  Plaintiff Tri-State Lodging, Inc. ("Tri-State") has filed a response.  (ECF
No. 29).  E-Z Mart has filed a reply.  (ECF No. 34).  The Court finds this matter ripe for its
consideration.

I.  Background

E-Z Mart owns and operates an underground storage tank (UST) system in Texarkana,
Arkansas for the purpose of selling gasoline to the public.  Tri-State owns a parcel of land to the
South of the E-Z Mart store and operates a motel on this property.  On or about July 22, 2002, Tri-
State alleges that a petroleum release was recorded with E-Z Mart's UST system and a site
assessment was done on and around the property to determine the presence of petroleum substances.
On or about June 10, 2010, an additional site assessment was conducted.  It indicated that Tri-State's
property had a contaminate concentration exceeding the Arkansas Department of Environmental
Quality's ("ADEQ") risk-based screening level.  Tri-State alleges that the contamination was caused
by E-Z Mart and has caused it damages.

Tri-State filed a Complaint on August 16, 2013.  The Complaint alleges negligence, trespass,
nuisance, and violations of the Arkansas Solid Waste Management Act.  E-Z Mart asserts that the

undisputed material facts establish that all claims are barred by the applicable statutes of limitations. E-Z Mart asserts that for each claim, the statute of limitations in Arkansas is three years. Tri-State disputes that the statute of limitations for the Arkansas Solid Waste Management Act is three years, and it asserts that the statute of limitations on the claims are tolled because of the continuing nature of the violations. Tri-State does not dispute that the statute of limitations bars the negligence claim; thus, that claim is dismissed as untimely.

II.  Discussion

A.  Summary Judgment Standard

A motion for summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion for summary judgment is an appropriate method for raising a statute of limitations defense. *Morris v. Stifel, Nicolaus & Co., Inc.*, 600 F.2d 139 (8th Cir. 1979). If there is any reasonable doubt as to the application of the statute of limitations, this Court will resolve the question in favor of the Complaint standing and against the challenge. *Dunlap v. McCarty*, 678 S.W.2d 361 (Ark. 1984).

When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense. *Chalmers v. Toyota Motor Sales, USA, Inc.*, 935 S.W.2d 258 (Ark. 1996). Once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Id.*

B.  Statute of Limitations Length

The parties agree that the appropriate statutes of limitations on the trespass and nuisance claims under Arkansas law are three years.  *See* Ark. Code. Ann. § 16-56-105.  The Arkansas Supreme Court has not determined which statute of limitations applies to actions brought under the Arkansas Solid Waste Management Act ("ASWMA").  Defendant argues that the logic applied by the Eighth Circuit Court of Appeals in *Highland Indus. Park, Inc. v. BEI Defense Sys. Co.*, 357 F.3d 794 (8th Cir. 2004) in determining the limitations period for the Arkansas Hazardous Waste Management Act should also apply to the ASWMA.  The Court agrees.

When the forum state's highest court has not decided an issue, federal courts sitting in diversity must attempt to predict how the state's highest court would resolve the question.  *United Fire & Cas. Ins. Co. v. Garvey*, 328 F.3d 411, 413 (8th Cir. 2003).  The *Highland* Court reasoned that because Arkansas law provides a three-year statute of limitations to "[a]ll actions founded on any . . . liability, expressed or implied," Ark. Code Ann. § 16-56-105, the statute of limitations for the Arkansas Hazardous Waste Management Act is three years.  Similarly, the Court finds that the statute of limitations for the ASWMA is three years.

C.  Application

The  Complaint was filed August 16, 2013.  Tri-State's claims are untimely if the statute of limitations began to run on or before August 15, 2010**.**  E-Z Mart asserts that Tri-State should have discovered, through the exercise of reasonable diligence, that it had a claim against E-Z Mart before August 15, 2010.  E-Z Mart claims that Tri-State was aware of the ADEQ investigation of the gasoline release and knew that release forms had been signed allowing access to the Tri-State property.  E-Z Mart asserts that Tri-State was also aware of contamination on the motel property

after sampling and reports in July 2008, February 2009, and August 11, 2010.

Tri-State responds that it did not have knowledge of any leak that came from E-Z Mart's property until it purchased the property in 2012. Tri-State asserts that, though the leak began around 2002 or before, the discovery rule tolls the time when the cause of action began and brings Tri-State's Complaint within the applicable statutes of limitations.[1]

The limitation period begins to run when there is a complete and present cause of action, and, in the absence of concealment of the wrong, when the injury occurs, not when it is discovered. *Chalmers*, 935 S.W.2d at 260. In Arkansas, the discovery rule tolls the accrual of a cause of action until plaintiff knows, or by the exercise of reasonable diligence should have known, that it has suffered a remediable injury. *State v. Diamond Lakes Oil Co.*, 66 S.W.3d 613 (Ark. 2002); *see also Highland Indus. Park*, 357 F.3d 794. Plaintiff must be able to ascertain both that he has been injured and also that his injury may have been caused by the conduct of the defendant. *McEntire v. Malloy*, 707 S.W.2d 773 (Ark. 1986). In discussing when a negligent act triggers the statute of limitations period, the Arkansas Supreme Court has said that "[a]t times, the beginning of the occurrence is a law question to be determined by the court. At other times, it is a fact question for the jury to determine." *Diamond Lakes*, 66 S.W.3d 613. There is no evidence that Tri-State knew that E-Z Mart was causing its damages, therefore, the operative question is whether Tri-State "should have known" that it had a cause of action against E-Z Mart before August 15, 2010. *See Highland*, 357 F.3d 794.

---

[1] Plaintiff argues Arkansas recognizes a theory of continuous trespass. However, the Eighth Circuit Court of Appeals, interpreting Arkansas law in *Highland Industrial Park, Inc. v. BEI Defense Sys. Co.*, 357 F.3d 794 (8th Cir. 2004) indicated that the continuing-tort theory is not recognized in Arkansas, and reasoned that even in the Arkansas Supreme Court's "most forgiving statute-of limitations case," the statute eventually began to run. The Court stated in *Highland* that the idea that the statute of limitations would not begin to run unless the pollution is actually removed "makes no sense." The Court adopts the same analysis here.

4

In *State v. Diamond Lakes Oil Co.*, the Arkansas Supreme Court applied the discovery rule even though there was no active concealment of the wrong on the part of the defendant.  In that case, the Court found that Diamond Lakes could not have known about the cause of action until 1997, a time less than three years before the Complaint was filed.  Specifically, the Court pointed out that there was not enough information to identify the source of the polution before that time; though the corporation's representative knew about the presence of contamination earlier, he did not know that anything could be done since there was no remediation directed by ADEQ until 1997; and the representative thought that the contamination was from a different gas station, so he did not know the cause of injury until 1997 when he learned it was from the gas station involved in the litigation.

In *Highland Industries*, the Eighth Circuit Court of Appeals, interpreting *Diamond Lakes*, found that, because the plaintiff knew about the existence of ground contamination when it received the first environmental report, knew that a mortgagee refused to extend a loan on the area due to the contamination, and knew that the source of the contaminates was caused by the defendants, it was aware that it had a cognizable injury at that time.

Tri-State purchased the hotel itself in 1993 and leased the real estate until they purchased it in August 2012. At the time the hotel was purchased, Tri-State representatives were aware there was a fuel leak from a different adjoining property, a Mobil service station.  (ECF No. 29-5).  On April 2, 2008, a Consent for Right of Entry to Perform Assessment and Remediation Activities by the ADEQ form was signed by Gerald Wilcox, the then-owner of the real estate upon which the motel sat.  The consent allowed ADEQ's entry onto the property as necessary to do "all things necessary or expedient to protect the environment, public health and safety for the general welfare, for the purposes stated herein."  (ECF No. 29-2).  Tri-State's corporate representative, Axay Patel, was aware of the ADEQ investigation, and he knew that the release forms had been signed by Wilcox

5

allowing access to the property. (ECF No. 28-2). In July, 2008, three monitoring wells were installed at the motel by Pollution Management, Inc. ("PMI"). (ECF No. 28-1). In December 2008, additional monitoring and exterior vapor wells were installed by PMI. Low to elevated soil, water, and vapor contaminate levels were detected and an assessment report was submitted in February 2009. (ECF No. 28-1). David Patel, another representative of Tri-State, was aware of PMI's digging to install the wells, and a representative of Tri-State had to give permission to PMI to come onto the property for the installation. (ECF No. 34-1). On March 17, 2010, Wilcox signed an additional access agreement for ADEQ. In June 2010, PMI installed interior vapor probes in rooms at the motel. (ECF No. 28-1). Tri-State gave permission for this vapor monitoring. (ECF No. 34-1). Assessment reports were submitted in July 2008, February 2009, and August, 2010. (ECF No. 28-1). When Tri-State purchased the property in 2012, it was provided with ADEQ documents. Tri-State alleges that this was the first time it was aware that E-Z Mart was responsible for the contamination. (ECF No. 29-2, Ex. 4); (ECF No. 34-1).

Tri-State has rebutted this evidence to demonstrate that there is a fact question regarding whether it reasonably should have known that E-Z Mart had caused its damages before August 2010. *See Bressler v. Graco Children's Products, Inc.*, 43 F.3d 379, 380 (8th Cir. 1994); *see also In re Prempro Products Liability Litig.*, 586 F.3d 547, 564-65 (8th Cir. 2009). E-Z Mart presented evidence that Tri-State had seen consent forms for access onto the property and gave permission for access. However, the consent forms did not describe the reason for the ADEQ's entry onto the property, and Tri-State could have reasonably assumed that E-Z Mart was not involved in the contamination, as Tri-State was aware of another leak from a different gas station. Tri-State's testimony is that it did not receive any reports indicating that E-Z Mart was involved until 2012 when it purchased the real estate through mediation. While E-Z Mart has demonstrated that there were

6

reports made and submitted regarding the contamination, E-Z Mart has not presented evidence that these reports were ever submitted to the corporate representatives of Tri-State to put them on notice of the contamination before Tri-State acquired the property in 2012.  There is sufficient evidence for a jury to conclude that, even if Tri-State was aware of possible damages, it had no reason to believe E-Z Mart was involved until 2012, a time within the statute of limitations period.  *See Harry Stephens Farms, Inc. v. Wormald Americas, Inc.*, 571 F.3d 820 (8th Cir. 2009) (reversing a district court's dismissal on statute of limitations grounds because there was a disputed issue of fact regarding whether the plaintiffs knew or reasonably should have known that their property suffered a remediable injury, holding that plaintiff's "worry" or "concern" about contamination was not sufficient, there was no evidence that plaintiff had been notified of the contamination, and plaintiff's testimony that he was not aware of contamination conflicted with defendant's witnesses' testimony that he was aware).

### III.  Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 26) is **GRANTED** in part and **DENIED** in part.  Defendant's Motion is granted with respect to Plaintiff's claims of negligence against Defendant.  Defendant's motion is denied as to the claims of nuisance, trespass, and violations of the Arkansas Solid Waste Management Act.

IT IS SO ORDERED, this 13th day of April, 2015.

 /s/ Susan O. Hickey
Susan O. Hickey
United States District Judge